# No. 22-16110

IN THE

## United States Court of Appeals

FOR THE NINTH CIRCUIT

➤➤◄◄

AARON GREENSPAN,

*Plaintiff-Appellant*,

v.

OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, TESLA, INC.,

*Defendants-Appellees*.

_____

*On Appeal From The United States District Court
For The Northern District Of California
Civil Case No. 3:20-cv-03426-JD; Hon. James Donato*

## ANSWERING BRIEF OF DEFENDANTS-APPELLEES ELON MUSK AND TESLA, INC.

Anthony P. Alden
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

Alex Spiro (*application forthcoming*)
William B. Adams
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Defendants-Appellees Elon Musk and Tesla, Inc.*

December 27, 2022

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Fed. R. App. P. 26.1, Tesla, Inc. states that it has no parent corporation, and no publicly held corporation owns 10 percent or more of its stock.

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

RULE 26.1 CORPORATE DISCLOSURE STATEMENT ........................................i

TABLE OF CONTENTS ........................................................................ ii

TABLE OF AUTHORITIES ...................................................................iv

PRELIMINARY STATEMENT ...............................................................1

COUNTERSTATEMENT OF ISSUES PRESENTED .............................................4

COUNTERSTATEMENT OF THE CASE ...............................................................4

    A.    Plaintiff's Complaints And Their Dismissal ..........................................4

    B.    The Orders At Issue In This Appeal ....................................................6

        1.    The Orders Maintaining The Stay Of Discovery........................6

        2.    The Orders Denying Recusal ....................................................7

        3.    The Order Denying Relief From Judgment Under Rule 60(b) .........................................................................................8

SUMMARY OF ARGUMENT ...............................................................10

STANDARD OF REVIEW ...............................................................12

ARGUMENT ...............................................................................13

I.    THE DISTRICT COURT PROPERLY STAYED DISCOVERY PENDING RESOLUTION OF THE MOTIONS TO DISMISS .................13

    A.    The District Court Correctly Followed The PSLRA In Staying Discovery..............................................................................14

    B.    Even Absent The PSLRA, The District Court Acted Within Its Discretion In Staying Discovery ........................................18

    C.    Plaintiff's Challenge To The PSLRA's Pleading Standard Is Waived, Irrelevant, And Meritless .......................................20

II.   THE DISTRICT COURT CORRECTLY DISMISSED THE
      DEFAMATION CLAIM ...................................................................22

III.  THE DISTRICT COURT WAS WELL WITHIN ITS DISCRETION
      TO DECLINE TO RECUSE .........................................................25

IV.   THE DISTRICT COURT WAS WELL WITHIN ITS DISCRETION
      TO DENY RELIEF UNDER RULE 60(B)...................................29

      A.   The Supposed New Evidence Of Falsity Was Duplicative.................29

      B.   The Supposed New Evidence Regarding Qazi's Agency Status
           Supported Dismissal...............................................................32

      C.   The New Scienter Authority Was Irrelevant.......................................33

CONCLUSION .........................................................................................34

STATEMENT OF RELATED CASES ....................................................35

CERTIFICATE OF COMPLIANCE........................................................36

CERTIFICATE OF SERVICE .................................................................37

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*,
   300 U.S. 227 (1937) ....................................................................20

*Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*,
   5 F.3d 378 (9th Cir. 1993) ................................................... 12, 19

*Barnes v. BTN, Inc.*,
   555 Fed. App'x 281 (5th Cir. 2014) ...........................................27

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................19

*Ben Sager Chem. Int'l v. E. Targosz & Co.*,
   560 F.2d 805 (7th Cir. 1977) ......................................................29

*Brown v. United States*,
   823 F. App'x 97 (3d Cir. 2020) ...................................................27

*Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*,
   497 F.3d 546 (5th Cir. 2007) ......................................................22

*Cheney v. U.S. Dist. Ct. for D.C.*,
   541 U.S. 913 (2004) ...................................................................26

*Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*,
   833 F.2d 208 (9th Cir. 1987) ......................................................29

*Correia v. Santos*,
   191 Cal. App. 2d 844 (1961) ......................................................24

*Crawford-El v. Britton*,
   523 U.S. 574 (1998) ...................................................................16

*Datagate, Inc. v. Hewlett–Packard Co.*,
   941 F.2d 864 (9th Cir. 1991) ......................................................28

*Delay v. Gordon*,
   475 F.3d 1039 (9th Cir. 2007) ....................................................13

*Eade v. InvestorsHub.com, Inc.*,
   2011 WL 13323344 (C.D. Cal. July 12, 2011) ...........................25

*Engleson v. Burlington N.R. Co.*,
   972 F.2d 1038 (9th Cir. 1994) ....................................................29

*Feature Realty, Inc. v. City of Spokane*,
    331 F.3d 1082 (9th Cir. 2003) ...................................................................29

*Foley v. Biter*,
    793 F.3d 998 (9th Cir. 2015) ..................................................... 12, 13, 19

*Foos v. Wells Fargo Bank*,
    2010 WL 5287534 (E.D. Cal. Dec. 17, 2010), *report and
    recommendation adopted*, 2011 WL 13247518 (E.D. Cal. Aug. 8,
    2011) .........................................................................................................18

*Goehring v. Brophy*,
    94 F.3d 1294 (9th Cir. 1996) .....................................................................16

*Greenspan v. Random House, Inc.*,
    859 F. Supp. 2d 206 (D. Mass. 2012)..........................................................1

*Griffith Co. v. N.L.R.B.*,
    545 F.2d 1194 (9th Cir. 1976) ...................................................................14

*Hoesl v. United States*,
    451 F. Supp. 1170 (N.D. Cal. 1978)...........................................................24

*Hutchinson v. City of San Leandro*,
    No. 4:12-cv-3898 PJH, ECF No. 23 (N.D. Cal. Jan. 24, 2013) .................28

*In re Advanta Corp. Secs. Litig.*,
    180 F.3d 525 (3d Cir. 1999) ......................................................................22

*In re Gibson*,
    950 F.3d 919 (7th Cir. 2019) .....................................................................28

*J.L. v. Children's Inst., Inc.*,
    177 Cal. App. 4th 388 (2009) ....................................................................32

*Jacobsen v. Filler*,
    790 F.2d 1362 (9th Cir. 1986) ...................................................................18

*Kolley v. Adult Protective Servs.*,
    725 F.3d 581 (6th Cir. 2013) .....................................................................19

*Krinsky v. Doe 6*,
    159 Cal. App. 4th 1154 (2008) ..................................................................25

*Laborers Int'l Union of N. Am. v. Bailey*,
    310 F. App'x 128 (9th Cir. 2009)...............................................................15

*Lieberman v. Fieger*,
    338 F.3d 1076 (9th Cir. 2003) ............................................................ 23, 24

*Liteky v. United States*,
    510 U.S. 540 (1994) ....................................................................................7

*Marshall v. Marshall*,
    721 F.3d 1032 (9th Cir. 2013) ....................................................12

*Meide v. Pulse Evolution Corp.*,
    2021 WL 4459653 (M.D. Fla. Sept. 29, 2021) ...........................18

*Moi v. Chihuly Studio, Inc.*,
    846 F. App'x 497 (9th Cir. 2021) ...............................................16

*Muñoz v. United States*,
    28 F.4th 973 (9th Cir. 2022) ......................................................18

*Nat'l Abortion Fed'n v. Ctr. for Med. Progress*,
    257 F. Supp. 3d 1084 (N.D. Cal. 2017).....................................26

*O'Neal v. Price*,
    531 F.3d 1146 (9th Cir. 2008) .......................................... passim

*Outdoor Media Grp., Inc. v. City of Beaumont*,
    506 F.3d 895 (9th Cir. 2007) ......................................................13

*Patterson v. Mobil Oil Corp.*,
    335 F.3d 476 (5th Cir. 2003) ......................................................27

*Petrie v. Elec. Game Card, Inc.*,
    761 F.3d 959 (9th Cir. 2014) ......................................................15

*Planned Parenthood v. Center for Medical Progress*,
    890 F.3d 828 (9th Cir. 2018) ......................................................17

*Rubke v. Capitol Bancorp Ltd.*,
    551 F.3d 1156 (9th Cir. 2009) ....................................................22

*Rutman Wine Co. v. E. J. Gallo Winery*,
    829 F.2d 729 (9th Cir. 1987) ......................................................19

*Sanai v. Kozinski*,
    2021 WL 2273982 (N.D. Cal. May 24, 2021) ...........................26

*SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Calif.*,
    189 F.3d 909 (9th Cir. 1999) ......................................................15

*Singer v. Wadman*,
    745 F.2d 606 (10th Cir. 1984) .....................................................8

*Summit Bank v. Rogers*,
    206 Cal. App. 4th 669 (2012) ....................................................25

*Taylor v. Vermont Dept. of Educ.*,
    313 F.3d 768 (2d Cir. 2002) ......................................................28

*Think Computer Corp. v. Dwolla, Inc.*,
    Case No. 5:13-cv-02054-EJD (N.D. Cal. Mar. 24, 2014)..............1

*True Health Chiropractic, Inc. v. McKesson Corp.*,
    896 F.3d 923 (9th Cir. 2018) ........................................................20

*Twinde v. Threshold Pharms. Inc.*,
    2008 WL 2740457 (N.D. Cal. July 11, 2008) .............................31

*United States v. Holland*,
    519 F.3d 909 (9th Cir. 2008) ............................................... 26, 27

*United States v. Sibla*,
    624 F.2d 864 (9th Cir. 1980) ........................................................26

*Wilson v. Dalene*,
    699 F. Supp. 2d 534 (E.D.N.Y. 2010) .......................................18

## STATUTORY AUTHORITIES

15 U.S.C. § 77z-1(b)(1) .....................................................................4, 6

15 U.S.C. § 78u-4(b)(1) .......................................................................21

15 U.S.C. § 78u-4(b)(3)(B) ....................................................... 15, 16, 17

28 U.S.C. § 455 ..................................................................... 4, 7, 25, 26

28 U.S.C. § 455(a) ...............................................................................26

28 U.S.C. § 455(b)(5)(iii) ....................................................................28

28 U.S.C. § 2072(a) .............................................................................14

28 U.S.C. § 2072(b) .............................................................................13

Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b) ................3

## RULES AND REGULATIONS

Fed. R. App. P.  32(a)(5) .......................................................................36

Fed. R. App. P.  32(a)(6) .......................................................................36

Fed. R. App. P.  32(a)(7)(B) ..................................................................36

Fed. R. Civ. P. 8 and 9(b) ....................................................................20

Fed. R. Civ. P. 8(a)(2) ..........................................................................21

Fed. R. Civ. P. 9(b) ....................................................................... 21, 22

Fed. R. Civ. P. 12(b)(6) ................................................................... 4, 13

Fed. R. Civ. P. 26 ............................................................... 13, 15

Fed. R. Civ. P. 26(a)(1)(A) ...............................................16

Fed. R. Civ. P. 26(a)(1)(C) ............................................ 16, 17

Fed. R. Civ. P. 26(c)(1)(A) ...............................................16

Fed. R. Civ. P. 56 .............................................................17

Fed. R. Civ. P. 60(b) ..................................................... 1, 3, 4

Fed. R. Civ. P. 60(b)(2)....................................................29

## **LEGISLATIVE MATERIALS**

S. Rep. No. 104-98(1995) ..................................................15

## **PRELIMINARY STATEMENT**

This appeal arises from a final judgment and an order denying relief under Federal Rule of Civil Procedure 60(b) of the U.S. District Court for the Northern District of California (Donato, J.), which correctly dismissed baseless and incendiary accusations against Defendants-Appellees Tesla, Inc. and its founder and Chief Executive Officer Elon Musk (the "Tesla Defendants").

Plaintiff-Appellant Aaron Greenspan is a self-described "data journalist" and purported founder of Facebook[1] who has, for years, waged an online campaign aimed at smearing both Tesla and Mr. Musk. Since at least 2018, plaintiff has authored tweets, accusatory emails, and even a 107-page conspiracy theory-laden manifesto accusing Tesla and Mr. Musk of misleading investors and other misconduct. Plaintiff, though, did not limit himself to spreading misinformation about the Tesla Defendants. Instead, he sought to profit from doing so. In 2018, around when he started tweeting accusations against Tesla, plaintiff began purchasing put options on Tesla stock—and continued to do so for years. Under this short-selling strategy, plaintiff bet that Tesla's stock price would go down. But Plaintiff lost his bet. The supposed fraud that plaintiff fervently decried never

---

[1] *See Think Computer Corp. v. Dwolla, Inc.*, Case No. 5:13-cv-02054-EJD (N.D. Cal. Mar. 24, 2014); *Greenspan v. Random House, Inc.*, 859 F. Supp. 2d 206, 210-11 (D. Mass. 2012).

materialized, and Tesla's stock price steadily increased. Meanwhile, each of plaintiff's put options expired, worthless, even as he continued to purchase more.

Seeking to recoup his losses, plaintiff filed this suit, alleging various federal and state law claims against the Tesla Defendants and another set of defendants—Omar Qazi and Smick Enterprises, Inc. (the "Smick Defendants"). Despite *five* attempts to plead viable claims, plaintiff could muster only a series of wildly speculative assertions. Attempting to transform his conspiracy theories and Internet "research" into a federal lawsuit, plaintiff sought to hold the Tesla Defendants liable for the conduct of an unrelated third party (Mr. Qazi), claimed that Tesla deceived investors about its finances and products in violation of the federal securities laws, and asserted that Mr. Musk's dismissive commentary about plaintiff on the Internet was somehow libelous. These claims did not satisfy the pleading standards of Rule 8, much less the stringent pleading standards for private securities cases. The district court properly dismissed them with prejudice after affording the utmost solicitude to plaintiff's voluminous and convoluted pleadings.

On appeal, plaintiff does not even contend that his *Fourth* Amended Complaint stated a plausible federal claim. Rather, plaintiff challenges several ancillary rulings in the hope of getting a *sixth* bite at the apple. None of his arguments has merit.

*First*, the district court properly maintained the discovery stay mandated by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b) ("PSLRA"). Contrary to plaintiff's novel argument, the Federal Rules of Civil Procedure do not "conflict with" (and thus do not supersede) the PSLRA. And even if the PSLRA's automatic discovery stay did not apply, plaintiff fails to argue, much less show, that the district court abused its discretion in maintaining a stay of discovery while defendants' motions to dismiss were pending.

*Second*, the district court correctly dismissed plaintiff's claim for defamation based on certain social media posts. The statements at issue are constitutionally protected opinions, rather than verifiable facts, and thus are not actionable as a matter of law.

*Third*, Judge Donato properly declined to recuse himself based on plaintiff's speculative attacks on his impartiality, which plaintiff first raised only *after* Judge Donato dismissed his Third Amended Complaint. Neither the judge's distant employment history nor his wife's present employment would cause a reasonable person to conclude that the judge's impartiality might reasonably be questioned.

*Finally*, the district court acted within its discretion in denying plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) because plaintiff's supposedly new evidence did not support his dismissed claims.

This Court should affirm the district court's judgment and Rule 60 order in full.

## COUNTERSTATEMENT OF ISSUES PRESENTED

1.    Whether the district court properly exercised its discretion in staying discovery "during the pendency of [a] motion to dismiss" under the PSLRA, 15 U.S.C. § 77z-1(b)(1).

2.    Whether the district court correctly dismissed plaintiff's defamation claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

3.    Whether the district court properly exercised its discretion in ruling on and denying plaintiff's motion for recusal pursuant to 28 U.S.C. § 455.

4.    Whether the district court properly exercised its discretion in denying plaintiff's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

## COUNTERSTATEMENT OF THE CASE

### A.    Plaintiff's Complaints And Their Dismissal

In May 2020, plaintiff filed a complaint asserting various federal and state law claims against the Tesla Defendants and the Smick Defendants.  ECF No. 1.  Plaintiff subsequently filed a First (ECF No. 20), Second (ECF No. 70), and Third (ECF No. 103) Amended Complaint.  In these and many other filings, plaintiff alleged that the Tesla Defendants deceived investors about their finances and products in violation

4

of the federal securities laws, made libelous remarks about plaintiff, stalked plaintiff, and even collaborated with drug lords.

The district court dismissed each of these claims when it considered the Third Amended Complaint (ER-223-44), describing them as "merely conclusory" (ER-231), "well short of the mark" (ER-230), and "entirely too vague and speculative to support an allegation of securities fraud" (ER-233). As to the defamation claim, the court concluded that the statements at issue were not actionable because "no reasonable observer would conclude that the[] words were intended to convey anything other than a personal opinion about [plaintiff]." ER-231. Even though plaintiff had already "filed over 4,000 pages of pleadings" (ER-101), the court granted plaintiff leave to amend his complaint for a fourth time because "this [was] the Court's first order on the adequacy of the complaint" (ER-243). The court, however, cautioned plaintiff that his "massive complaints" were "wholly inconsistent with Rule 8." ER-243-44.

Plaintiff ultimately filed a 73-page Fourth Amended Complaint. ER-144-216. Plaintiff later moved to file a supplemental complaint (ECF No. 141), which the district court denied because plaintiff had "already filed hundreds of pages of pleadings in this case, and a total of five complaints" (ECF No. 142).

In May 2022, the district court dismissed the Fourth Amended Complaint (ER-101-04) because it "did not adduce additional facts that might have made the

securities or copyright claims plausible, and did not otherwise fix the problems discussed at length in the prior dismissal order" (ER-102).

### B. The Orders At Issue In This Appeal

On appeal, plaintiff principally focuses on three sets of ancillary orders: (1) orders maintaining the PSLRA's mandatory stay of discovery; (2) orders denying recusal of the district judge; and (3) an order denying Rule 60(b) relief.

### 1. The Orders Maintaining The Stay Of Discovery

Soon after filing his First Amended Complaint, Plaintiff filed an "Emergency Motion to Clarify Applicability Of The PSLRA And, If Relevant, Lift the Discovery Stay." ER-250-62. Rather than request that the district court lift the stay imposed by PSLRA "during the pendency of any motion to dismiss … to preserve evidence or to prevent undue prejudice," as authorized by the PSLRA, 15 U.S.C. § 77z-1(b)(1), plaintiff argued that the PSLRA did not apply to his action. ER-255-60. Plaintiff presented arguments that have been soundly rejected by other courts—such as that the PSLRA does not apply to *pro se* plaintiffs, non-class actions, supplemental non-securities claims, and already-produced documents—along with the novel argument that the Federal Rules of Civil Procedure supersede the PSLRA. The district court denied the motion, ruling that "[a] stay on discovery will continue pending an order on the motion to dismiss." ER-249.

Then, after failing for nearly two years to muster a viable complaint, plaintiff again moved to lift the discovery stay while the motion to dismiss the Fourth Amended Complaint was pending. ECF No. 162. The district court denied plaintiff's renewed motion—truly a belated motion for reconsideration—stating: "Plaintiff has not been unduly burdened by the stay. It will remain in effect pending an order on the motion to dismiss, which will be filed shortly." ECF No. 167.

## 2. The Orders Denying Recusal

Shortly after the district court dismissed plaintiff's Third Amended Complaint with leave to amend, plaintiff move to recuse Judge Donato under 28 U.S.C. § 455. ECF No. 129. Plaintiff argued that Judge Donato's affiliation with a law firm— which ended years before this case began—was grounds to question Judge Donato's impartiality. *Id.* at 2-3. The remainder of the motion claimed that Judge Donato was biased because he had not specifically addressed various allegations in the Third Amended Complaint. *Id.* at 4-9.

Judge Donato denied the request. ER-217-20. He explained that his "prior affiliation with Cooley Godward and attorney Dwyer [were] not grounds for disqualification." ER-218. Further, while plaintiff "disagree[d] with some of the Court's decisions, 'judicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion' under Section 455." ER-219 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). And Judge Donato questioned whether

plaintiff's motion was based on a genuine concern for impartiality, as opposed to dissatisfaction with the court's rulings: "This case has been pending since May 2020, and the parties have been unusually active in litigating it from day one. [Plaintiff] did not file the recusal request until after the Court dismissed his third amended complaint with leave to amend, which happened over one year into the litigation. Other courts have found such timing to be improper." ER-218-19 (citing *Singer v. Wadman*, 745 F.2d 606, 608 (10th Cir. 1984)).

Plaintiff again raised recusal in his Rule 60(b) motion, arguing for the first time that recusal was required because counsel for the Tesla Defendants had retained, at some unspecified point, Solutus Legal Search—of which Judge Donato's wife is one employee of many. ER-94-95. Judge Donato rejected this argument as "unfounded conjecture," explaining that "[n]o reasonable person with knowledge of all the facts would conclude that the Court's impartiality might reasonably be questioned on the basis of [plaintiff's] speculation." ER-2.

### 3. The Order Denying Relief From Judgment Under Rule 60(b)

Following entry of final judgment, plaintiff moved to set aside the judgment under Rule 60(b). ER-78-96. Plaintiff purported to offer evidence that supported his securities claims. *See* ER-85-92. But this evidence, albeit from supposed new sources, simply rehashed the allegations in the Fourth Amended Complaint. *Compare* ER-85-92 *with* ER-144-216. And much, if not all, of the documentation

plaintiff cited pre-dated the district court's dismissal order. *See, e.g.*, ECF No. 179, Ex. B ("May 2020 Tesla Early Access Program Contract"); Ex. E ("Internal January 2014 Microsoft Dynamics AX Spreadsheet Excerpt").

Plaintiff asserted that "[a]fter the filing of the 4AC, multiple Confidential Witnesses stepped forward to provide Plaintiff with internal Tesla data." ER-85 (cleaned up). But plaintiff did not provide the specific date on which he supposedly obtained this evidence, nor did he provide any credible basis to believe it was "newly discovered." Plaintiff also did not name the alleged witnesses; rather, he refused to do so. *See* ER-88 n.6 ("Plaintiff intends to refuse to identify his Confidential Witness sources if asked."). And plaintiff did not explain how these purported witnesses knew to divulge—of *all* the information available at Tesla—*precisely* the information that supposedly corroborated plaintiff's allegations at *precisely* the right time.

In addition to the presentation of supposedly new evidence, plaintiff cited to a recent decision in *In re Tesla Securities Litigation*, Case No. 3:16-cv-04865-EMC (N.D. Cal.), as evidence of scienter. ER-94. But plaintiff admitted that the case dealt with issues "separate and apart from those raised here." ER-255.

The district court denied plaintiff's motion, stating: "Nothing in the motion warrants reconsideration of the judgment or the reasons leading up to it. Most of the motion simply rehashes [plaintiff's] prior unsuccessful arguments, and emphasizes

his disagreement with the Court's findings and conclusions. These are not good grounds for reconsideration under Rule 60(b)." ER-1. This appeal followed.

## SUMMARY OF ARGUMENT

**I.** The district court was well within its discretion to maintain a stay of discovery during the pendency of defendants' motions to dismiss.

Plaintiff wrongly argues that the PSLRA's discovery stay provision conflicts with and is thus superseded by Rule 26. As this Court has recognized, Rule 26 gives district courts broad discretion to control discovery, including, for example, discretion to control the timing of when parties must make initial disclosures. These provisions thus can be read harmoniously.

Moreover, even if the PSLRA did not mandate a stay of discovery in this case, the district court nevertheless had discretion to stay discovery during the pendency of defendants' motions to dismiss. Indeed, as this Court has recognized, the purpose of Rule 12(b)(6) is to allow defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery. And the district court's stay plainly furthered that purpose here given that plaintiff's securities claims were ultimately dismissed for failure to state a claim, and plaintiff has not challenged that dismissal on appeal.

Plaintiff's argument that the PSLRA's pleading standard conflicts with the pleading standards in the Federal Rules of Civil Procedure also fails. Plaintiff

waived that argument by not raising it below, and he now seeks an impermissible advisory opinion because he never explains how the judgment would have been any different if the district court had applied the pleading standards in the Federal Rules. In any event, as this Court has recognized, the PSLRA's pleading standard is virtually identical to Rule 9(b), such that his challenge fails on the merits as well.

**II.** The district court correctly ruled that plaintiff failed to state a claim for defamation against the Tesla Defendants. The hyperbolic social media posts at issue were plainly constitutionally protected statements of opinion and thus, as the district court rightly ruled, not actionable under California law.

**III.** The district court acted within its discretion in denying plaintiff's recusal motion. Contrary to plaintiff's argument, Judge Donato was not required to delegate the recusal motion to another judge, and he properly ruled on the motion. Nor was Judge Donato required to recuse himself. No reasonable person would question Judge Donato's impartiality on the grounds that, over a decade ago, he worked at one of the law firms that represented the Tesla Defendants and appeared in a case alongside one of the lawyers for the Tesla Defendants. Nor would a reasonable person question Judge Donato's impartiality on the ground that his wife is an employee of a legal recruiting firm that was retained by defense counsel at some unspecified point, particularly when there is no evidence that Judge Donato's

wife has any financial interest in this proceeding or that could be affected by the outcome of this proceeding.

**IV.** The district court again acted within its discretion in denying plaintiff's motion to set aside the judgment under Rule 60(b). Plaintiff did not come forward with newly discovered evidence that, with reasonable diligence, could not have been discovered earlier and that would have likely changed the disposition of the case. Rather, plaintiff merely presented evidence that was duplicative of his prior allegations. Nor did any of plaintiff's other arguments warrant the extreme remedy of reopening a final judgment.

## STANDARD OF REVIEW

This Court reviews "[s]tays [of] discovery pending disposition of [a] motion[] to dismiss … for abuse of discretion." *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993). This Court "review[s] the denial of a § 455(a) motion for recusal for abuse of discretion." *Marshall v. Marshall*, 721 F.3d 1032, 1039 (9th Cir. 2013). And this Court "review[s] a district court's denial of a motion for relief from judgment pursuant to Rule 60(b) for abuse of discretion." *Foley v. Biter*, 793 F.3d 998, 1001 (9th Cir. 2015).

Under the abuse of discretion standard, this Court "must affirm the district court's judgment unless (1) [it has] a definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached upon weighing

the relevant factors, (2) the district court applied the wrong law, or (3) the district court rested its decision on clearly erroneous findings of fact." *Id.* at 1001-02 (quoting *Delay v. Gordon,* 475 F.3d 1039, 1043 (9th Cir. 2007)).

This Court reviews "de novo the district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007).

## ARGUMENT

## I. THE DISTRICT COURT PROPERLY STAYED DISCOVERY PENDING RESOLUTION OF THE MOTIONS TO DISMISS

Plaintiff errs in challenging (Br. 16-25) the district court's denial of his motions to lift the stay imposed by the PSLRA during the pendency of defendants' motions to dismiss. Plaintiff wrongly contends that the PSLRA provision staying discovery during the pendency of any motion to dismiss conflicts with Rule 26 of the Federal Rules of Civil Procedure and thus is abrogated by the Rules Enabling Act, which states that any law that "conflict[s] with" a rule of practice or procedure promulgated by the Supreme Court "shall be of no … force or effect." 28 U.S.C. § 2072(b). Plaintiff's argument fails because Rule 26 does not "necessarily conflict" with the PSLRA's discovery stay, *O'Neal v. Price*, 531 F.3d 1146, 1150 (9th Cir. 2008), and even if the PSLRA's discovery stay did not apply here, the district court was well within its discretion in maintaining a stay of discovery during the pendency defendants' motions to dismiss.

13

### A. The District Court Correctly Followed The PSLRA In Staying Discovery

The Rules Enabling Act provides that "[t]he Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts (including before magistrate judges thereof) and courts of appeal." 28 U.S.C. § 2072(a). "Such rules shall not abridge, enlarge or modify any substantive right." *Id.* § 2072(b). And "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." *Id.*

As this Court has recognized, under the Rules Enabling Act, federal statutes are "superseded by conflicting federal rules [of civil or appellate procedure]." *Griffith Co. v. N.L.R.B.*, 545 F.2d 1194, 1197 n.3 (9th Cir. 1976). Thus, for example, if a federal statute purports to set a deadline for a civil appeal, but the Federal Rules of Appellate Procedure provide that appeal deadlines do not apply to that type of appeal, then the federal statute setting an appeal deadline does not apply. *See id.* In contrast, if a federal statute and federal rule "do not necessarily conflict" and can be "read harmoniously," courts should take that approach to avoid rendering the federal statute void. *O'Neal*, 531 F.3d at 1150 (holding that statute providing that litigant is not entitled to proceed *in forma pauperis* on appeal when district court has certified that appeal was not taken in good faith could be "read harmoniously" with federal rule allowing the litigant to challenge district court's certification).

14

Here, the PSLRA and Rule 26 of the Federal Rules of Civil Procedure "do not necessarily conflict" and can be "read harmoniously." *Id.* The PSLRA states, in relevant part, "[i]n any private action arising under this subchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B); *see SG Cowen Sec. Corp. v. U.S. Dist. Ct. for N. Dist. of Calif.*, 189 F.3d 909, 913 (9th Cir. 1999) (recognizing that the PSLRA "contemplates that 'discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint*'") (quoting S. Rep. No. 104-98, at 14 *reprinted in* U.S.C.C.A.N. 693 (1995)) (emphasis by court).[2]

Plaintiff wrongly contends (Br. 20) that this provision conflicts with Rule 26's initial-disclosure requirement. Rule 26(a)(1)(A) requires that parties make certain initial disclosures, such as "the name and, if known, the address and telephone number of each individual likely to have discoverable information," "without

---

[2] Plaintiff wrongly asserts (Br. 20) that *SG Cowen*, which held that a district court erred in lifting the PSLRA's discovery stay, is no longer good law because it "was decided before the [Federal Rules of Civil Procedure] were amended the following year." This Court continues to routinely cite *SG Cowen* as authority for upholding automatic discovery stays under the PSLRA. *See, e.g.*, *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *Laborers Int'l Union of N. Am. v. Bailey*, 310 F. App'x 128, 130 (9th Cir. 2009).

awaiting a discovery request." Fed. R. Civ. P. 26(a)(1)(A). "A party must make the initial disclosures at or within 14 days after the parties' rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate … and states the objection in the proposed discovery plan." Fed. R. Civ. P. 26(a)(1)(C).

Contrary to plaintiff's assertions, Rule 26 and the PSLRA do not "necessarily conflict" because the PSLRA merely directs district courts to stay discovery pending a ruling on a motion to dismiss unless "discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). That is not inconsistent with the initial-disclosure requirement in Rule 26 because—although initial disclosures are typically due "14 days after the parties' rule 26(f) conference"—Rule 26 expressly authorizes district courts to set a different time for those disclosures. Fed. R. Civ. P. 26(a)(1)(C). And, as this Court has recognized, "Rule 26 authorizes the district court to 'forbid[] the disclosure or discovery' of matters or 'limit[] the scope of disclosure or discovery to certain matters.'" *Moi v. Chihuly Studio, Inc.*, 846 F. App'x 497, 499 (9th Cir. 2021) (quoting Fed. R. Civ. P. 26(c)(1)(A)&(D)); *see Crawford-El v. Britton*, 523 U.S. 574, 599 (1998) (district court may "bar discovery altogether"); *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996) (A district court has "broad discretion ... to permit or deny discovery.") (citation omitted). Thus, district courts can—consistent with Rule 26 and the

PSLRA—stay the exchange of initial disclosures (and any other discovery) "during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). Additionally, if there is a pending motion to dismiss, parties to a PSLRA action can, consistent with Rule 26 and the PSLRA, "object during the [initial] conference that initial disclosures are not appropriate" at that time, Fed. R. Civ. P. 26(a)(1)(C), on the ground that the PSLRA stays discovery pending a ruling on the motion to dismiss, 15 U.S.C. § 78u-4(b)(3)(B).[3]

At bottom, Rule 26 and the PSLRA can be "read harmoniously," *O'Neal*, 531 F.3d at 1150, such that Rule 26 does not supersede the PSLRA. Accordingly, the district court was within its discretion to follow the plain language of the PSLRA

---

[3] In a footnote, Plaintiff incorrectly argues (Br. 20 n.7) that the PSLRA conflicts with Rule 56 of the Federal Rules of Civil Procedure. Rule 56 governs motions for summary judgment, whereas the PSLRA's discovery stay applies during the pendency of "any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). Plaintiff also misplaces reliance on *Planned Parenthood v. Center for Medical Progress*, 890 F.3d 828 (9th Cir. 2018) (Br. 20-21 & n.7). *Planned Parenthood* hinged on federalism: this Court determined that it would not "allow … state anti-SLAPP rules to usurp … federal rules." 890 F.3d at 833-34. Here, because the PSLRA is a federal statute, there is no danger of a state statute usurping federal rules. Additionally, unlike the defendants in *Planned Parenthood*, *id.* at 829, the Tesla Defendants moved to dismiss plaintiff's complaint under Rule 12(b)(6) and did not rely on California's anti-SLAPP statute (*see, e.g.*, ECF No. 108 at 1).

and maintain a stay of discovery during the pendency of defendants' motions to dismiss.[4]

## B. Even Absent The PSLRA, The District Court Acted Within Its Discretion In Staying Discovery

Even if Rule 26 superseded the PSLRA's discovery stay (it does not), plaintiff fails to argue, much less show, that the district court abused its discretion in maintaining a stay of discovery during the pendency of defendants' motions to dismiss. Plaintiff concedes (Br. 16) that, as a general matter, "[s]tays of discovery pending resolution of [a] motion to dismiss are … reviewed for an abuse of

---

[4] Plaintiff also asserts (Br. 15), without explanation, that his "*pro se* status mandates that the PSLRA should not apply here." Nothing in the PSLRA limits its application to cases where litigants are represented by counsel. And, as this Court has repeatedly recognized, "pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("*Pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."). Accordingly, courts in this circuit and throughout the country have routinely applied the PSLRA to *pro se* litigants. *See, e.g.*, *Foos v. Wells Fargo Bank*, 2010 WL 5287534, at *6-7 (E.D. Cal. Dec. 17, 2010) (*pro se* complaint failed to meet PSLRA pleading requirements), *report and recommendation adopted*, 2011 WL 13247518 (E.D. Cal. Aug. 8, 2011); *Wilson v. Dalene*, 699 F. Supp. 2d 534, 541 (E.D.N.Y. 2010) ("[E]ven applying the less stringent standard granted to *pro se* litigants, plaintiffs allegations of fraud fail to comply with the requirements of Rule 9(b) and the PSLRA."); *Meide v. Pulse Evolution Corp.*, 2021 WL 4459653, at *1 (M.D. Fla. Sept. 29, 2021) (ordering sanctions under the PSLRA against *pro se* plaintiff because "*pro se* filings do not serve as an 'impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets'").

discretion." (Quoting *Alaska Cargo*, 5 F.3d at 383.) Yet, plaintiff does not identify any basis for this Court to conclude that the district court abused its discretion in staying discovery during the pendency of defendants' motions to dismiss.

At most, plaintiff asserts (Br. 19) that his amended pleadings "lacked the benefit of discovery," but that falls far short of showing that the district court "committed a clear error of judgment," "applied the wrong law," or "rested its decision on clearly erroneous findings of fact." *Foley*, 793 F.3d at 1001-02 (citation omitted). Indeed, "[t]he purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints *without subjecting themselves to discovery*," *Rutman Wine Co. v. E. J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (emphasis added), which is entirely consistent with the stay that the district court imposed in this case, *see Alaska Cargo*, 5 F.3d at 383 (district court acted within its discretion to stay discovery pending ruling on motion to dismiss when the discovery sought was not relevant to the motion); *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) ("A plaintiff is not entitled to discovery before a motion to dismiss.") (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007)). Thus, even putting the PSLRA aside, the district court properly stayed discovery during the pendency of defendants' motions to dismiss.

### C. Plaintiff's Challenge To The PSLRA's Pleading Standard Is Waived, Irrelevant, And Meritless

Plaintiff also wrongly contends (Br. 24) that there is a "'direct collision' between the PSLRA's pleading standard and the pleading standards set forth in Rules 8 and 9(b) of the Federal Rules of Civil Procedure." This argument is waived, irrelevant, and meritless.

*First*, plaintiff has waived this argument because in the district court he argued only that the PSLRA was superseded as to its discovery stay, not as to its pleading standard. *See* ER-250-62. It is well established that "an issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." *True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 930 (9th Cir. 2018) (citation omitted).

*Second*, plaintiff does not argue that his Fourth Amended Complaint satisfied the pleading standard in the Federal Rules of Civil Procedure. Nor does plaintiff explain how his challenge to the PSLRA's pleading standard has any bearing on the district court's denial of his motion to lift the PSLRA's discovery stay. This Court should decline to provide what would be, in essence, an advisory opinion as to whether the PSLRA's pleading standard conflicts with the Federal Rules of Civil Procedure. *See, e.g.*, *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 241 (1937) (federal courts may not issue "an opinion advising what the law would be upon a hypothetical state of facts").

20

*Third*, plaintiff's challenge to the PSLRA's pleading standard fails on the merits in any event.  The PSLRA provides:

> In any private action arising under this chapter in which the plaintiff alleges that the defendant—
>
> (A)  made an untrue statement of material fact; or
>
> (B)  omitted to state a material fact necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading;
>
> the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed.

15 U.S.C. § 78u-4(b)(1).  Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  And Rule 9(b) provides:  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

There is no conflict between these provisions.  Parties can file a short and plain statement showing that they are entitled to relief, while also (1) alleging fraud with particularity, *see* Fed. R. Civ. P. 9(b), and (2) specifying the statement that is alleged to be misleading and the reason(s) why the statement is misleading, *see* 15

U.S.C. § 78u-4(b)(1). Indeed, as this Court has recognized, "the inquiry into whether plaintiffs have pled falsity with the requisite particularity under the PSLRA is *nearly identical* to that under Federal Rule of Civil Procedure 9(b)." *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1165 (9th Cir. 2009) (emphasis added); *see Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 550 (5th Cir. 2007) (the PSLRA "appears to comport with this Court's relatively strict interpretation of Rule 9(b), which requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent"); *In re Advanta Corp. Secs. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (the PSLRA's "'with particularity' … language echoes precisely Fed.R.Civ.P. 9(b)"). Thus, a party that complies with Rule 9(b) necessarily complies with the PSLRA's pleading standard, showing conclusively that the provisions can be "read harmoniously." *O'Neal*, 531 F.3d at 1150.

## II. THE DISTRICT COURT CORRECTLY DISMISSED THE DEFAMATION CLAIM

Plaintiff also wrongly argues (Br. 38-39) that he plausibly alleged that certain of Mr. Musk's statements constituted defamation.[5] Mr. Musk's alleged statements

---

[5] Although plaintiff's defamation arguments are within the section entitled "The District Court Erred By Failing To Grant Relief Under Rule 60(b)" (*see* Br. 34), they appear directed to the district court's order dismissing the defamation claim (*footnote continued*)

asserted constitutionally protected opinions rather than verifiable facts, and thus, as the district court correctly ruled (ER-230-32), are not actionable.

The First Amendment "places limits on the types of speech that may give rise to a defamation action under state law." *Lieberman v. Fieger*, 338 F.3d 1076, 1079 (9th Cir. 2003) (citation omitted). If a reasonable factfinder could not conclude that the statement at issue implies an assertion of objective fact, "the claim is foreclosed by the First Amendment." *Id.* (citation omitted). To decide whether a statement implies a factual assertion, courts must examine "(1) whether the general tenor of the entire work negates the impression that the defendant was asserting an objective fact, (2) whether the defendant used figurative or hyperbolic language that negates that impression, and (3) whether the statement in question is susceptible of being proved true or false." *Id.* at 1080 (citation omitted).

Using these standards, the district court correctly ruled that plaintiff failed to plausibly allege defamation. "Even crediting the allegations that Musk publicly referred to [plaintiff] as a 'nut,' and 'crackers, bananas, barky & ten cards short of a full deck,' and that Musk responded to [plaintiff's] notice of suit by suggesting that he belong in a 'psych ward,' no reasonable observer would conclude that these words were intended to convey anything other than a personal opinion about [plaintiff], in

---

against the Tesla Defendants under Rule 12(b)(6) (*see* Br. 38-39 (citing ER-231-32)).

23

colorful and figurative language. They are not statements of fact capable of verification." ER-231 (citation omitted).

This was entirely correct. This Court has rejected defamation claims premised on the words "Looney Tunes," "crazy," "nuts," and "mentally imbalanced" because they are expressions of opinion, "constitutionally-protected by the First Amendment," and no "reasonable viewer would" interpret them as factual. *Lieberman*, 338 F.3d at 1080; *see Hoesl v. United States*, 451 F. Supp. 1170, 1172 (N.D. Cal. 1978) ("California courts have refused to hold defamatory … an imputation of mental disorder which is made in an oblique or hyperbolic manner."), *aff'd*, 629 F.2d 586 (9th Cir. 1980). Like the references in *Lieberman*, Mr. Musk's hyperbolic epithets were expressions of opinion, "not provable as false," and thus they are not actionable. 338 F.3d at 1080; *see Correia v. Santos*, 191 Cal. App. 2d 844, 853 (1961) (reference to "insanity" did not describe "plaintiff as a person who was mentally ill but as one who was unreasonable in his actions and his demands").

Plaintiff also mistakenly states (Br. 38) that "[t]he district court ruled these [statements] to be mere 'tart remark[s]' *because* they were made on 'social media.'" (Emphasis added.) Not so. The district court's *principal* reason for dismissing the defamation claim was that the alleged statements were not statements of fact. *See* ER-231. The district court considered the context—as it should have done, *see Lieberman*, 338 F.3d at 1080—as an *additional* factor. *See* ER-232 ("Nothing in the

TAC plausibly indicates that" Mr. Musk's statements "constituted a statement of fact. *This [is] all the more true* because the comment was made in social media.") (emphasis added) (citing *Summit Bank v. Rogers*, 206 Cal. App. 4th 669, 697 (2012); *Krinsky v. Doe 6*, 159 Cal. App. 4th 1154, 1177 (2008)). Social media is plainly relevant context under governing California law. *See, e.g.*, *Summit Bank*, 206 Cal. App. 4th at 697 (social media is place "where readers expect to see strongly worded opinions rather than objective facts"); *Krinsky*, 159 Cal. App. 4th at 1177 (statement that plaintiff had a "'fake medical degree' was only the latest entry in a protracted online debate about whether plaintiff's medical degree from Spartan Health Sciences University in the West Indies justified her use of the 'M.D.' title in company documents. No reasonable reader would have taken this post seriously; it obviously was intended as a means of ridiculing … [the] plaintiff.")); *see also Eade v. InvestorsHub.com, Inc.*, 2011 WL 13323344, at *6 (C.D. Cal. July 12, 2011) (collecting cases) ("Courts generally have found that internet bulletin boards and chat room postings lend themselves to constitutional protection.").

## III. THE DISTRICT COURT WAS WELL WITHIN ITS DISCRETION TO DECLINE TO RECUSE

Plaintiff fares no better in arguing (Br. 40-41) that Judge Donato was not impartial and should have recused himself or referred the recusal motion to another judge. Recusal is governed by 28 U.S.C. § 455, which provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be

questioned," *id.* § 455(a), and in certain situations that plaintiff does not contend apply here, *see id.* § 455(b). Plaintiff presented no non-speculative basis for recusal, and Judge Donato was well within his discretion to deny plaintiff's initial motion and his renewed motion under Rule 60(b).

*First*, contrary to plaintiff's argument (Br. 40), Judge Donato did not need to "delegate the motion [for recusal] to another judge." Motions for recusal under 28 U.S.C. § 455 "are determined by the judge to whom the motion is directed." *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 257 F. Supp. 3d 1084, 1088 (N.D. Cal. 2017), *aff'd* 2022 WL 3572943, at \*2 (9th Cir. Aug. 19, 2022) (citing 28 U.S.C. § 455(a); *United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980)); *see Sanai v. Kozinski*, 2021 WL 2273982, at \*2 (N.D. Cal. May 24, 2021) (section 455 motion is entrusted to the district court's sound discretion) (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 541 U.S. 913, 926-27 (2004)). Thus, Judge Donato was correct in not recusing himself from the decision to rule on his impartiality.

*Second*, as to the merits, Judge Donato properly determined that he was fit to rule in this case. The standard for judicial recusal is an objective one and asks "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008) (citation omitted). The "reasonable person"

for this inquiry is not "someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *Id.* at 913 (citation omitted).

Judge Donato applied this standard and rightly determined that plaintiff did not come close to showing recusal was warranted. As Judge Donato explained, the "main argument for recusal" was that he "was a partner many years ago at Cooley Godward LLP, which is currently known as Cooley LLP and represents defendants Musk and Tesla in this case. [Plaintiff] also mentions an unrelated case from 2007 in which [he] was listed as counsel with attorney Dwyer of the Cooley law firm, one of the lawyers here. A thoughtful and well-informed observer would not find cause for concern about the Court's impartiality based on a prior employment relationship that ended 12 years ago." ER-218 (citations omitted).

This was entirely correct. Former employment relationships do not give rise to a claim of partiality. *See Brown v. United States*, 823 F. App'x 97, 103 (3d Cir. 2020) ("Brown's allegations that the District Judge had former employers and an alma mater in common with defense counsel would not cause an objective person to reasonably question the Judge's impartiality."); *Barnes v. BTN, Inc.*, 555 Fed. App'x 281, 289 (5th Cir. 2014) ("[P]rior employment at a law firm representing a litigant before the court does not create a per se requirement of recusal and evidence of bias must be presented."); *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 482-84 (5th Cir. 2003) (judge did not abuse his discretion when he denied plaintiffs' motion to recuse

himself because of previous employment with counsel representing the defendant in earlier litigation); *Hutchinson v. City of San Leandro*, No. 4:12-cv-3898 PJH, ECF No. 23, at 2 (N.D. Cal. Jan. 24, 2013) ("A recusal based on a prior working relationship that is more than several years old, is not warranted.").

Further, plaintiff's reliance (Br. 40)—raised for the first time in his Rule 60(b) motion—on defense counsel's retention, at some unidentified point of Solutus Legal Search, where Judge Donato's wife works, is entirely too speculative to require recusal. Plaintiff did not argue, much less show, that Judge Donato's wife had an interest "that could be substantially affected by the outcome of this proceeding." 28 U.S.C. § 455(b)(5)(iii). And courts have repeatedly held that the activities of a judge's relatives are not attributable to the judge. *See, e.g.*, *Datagate, Inc. v. Hewlett–Packard Co.*, 941 F.2d 864, 870-71 (9th Cir. 1991) (affirming district judge's denial of recusal where judge's son had been employed by the defendant "for the past fifteen years"); *In re Gibson*, 950 F.3d 919, 927 (7th Cir. 2019) ("The fact that a relative [of the presiding judge] works at a law firm representing a party is not enough" in itself to create an appearance of partiality); *Taylor v. Vermont Dept. of Educ.*, 313 F.3d 768, 795 (2d Cir. 2002) ("The fact that a judge's offspring is employed by a party does not require recusal per se.").

28

## IV.   THE DISTRICT COURT WAS WELL WITHIN ITS DISCRETION TO DENY RELIEF UNDER RULE 60(B)

### A.   The Supposed New Evidence Of Falsity Was Duplicative

The district court properly exercised its discretion in denying Rule 60(b) relief based on supposed "newly discovered evidence" of falsity.  Fed. R. Civ. P. 60(b)(2). "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances."  *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994) (quoting *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)).   Relief from judgment on the basis of newly discovered evidence is thus warranted only where "(1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence [is] of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'"  *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 211 (9th Cir. 1987)).   Plaintiff made no such showing.

Plaintiff did not explain when he discovered the evidence, why the evidence could not have been discovered sooner, or how the evidence would have changed the disposition of the case.  Indeed, as the district court correctly concluded, "[t]he 'new evidence' [plaintiff] says he has acquired from the SEC and other sources is

29

essentially more of the same that was found wanting in the Court's orders of dismissal … and does not materially improve the pleading shortfalls in the complaints."  ER-2.  Plaintiff makes much (Br. 34-35) of the new *sources* of material, but completely ignores the *substance* of the "new evidence."

Plaintiff also offers no reason why the district court's ruling was incorrect, and instead, merely cites his proffered evidence.  For instance, plaintiff states (Br. 35) that "internal documents touched on Tesla's materially false and misleading cash balances."  Specifically, plaintiff claimed below that "[e]xported data shows that for years, Tesla routinely and materially overstated its available cash to investors."  ER-88.  But the supposedly new exhibit (ECF No. 179, Ex. E) on which plaintiff relied showed nothing of the sort.  In fact, the exhibit—an unmarked spreadsheet of unknown provenance—purportedly shows data from only one year, 2014, which is outside the relevant date range of the complaint (the third quarter of 2018 to the second quarter of 2020).  *See* ER-192-209.

Plaintiff also asserts (Br. 35) that internal documents show that "'deliveries' (as opposed to new vehicle 'sales'), includes ***used vehicles*** to artificially inflate what most investors think are new sales metrics."  (Original emphasis.)  The supposedly new evidence offered on reconsideration was a spreadsheet tracking deliveries.  Yet, plaintiff only pointed out that the spreadsheet was *confusing*, not that it was fraudulent.  ER-89.  Further, even if Tesla had different internal definitions of the

30

word "delivered" for different purposes, or a faulty computer system—neither of which plaintiff plausibly alleged—that comes nowhere close to showing a deliberate misrepresentation.

Indeed, in his Fourth Amended Complaint, plaintiff conceded that Tesla explained exactly what "delivered" meant in *the same documents* where plaintiff contended that Tesla misled investors about that term's meaning. Specifically, he pleads that in the same quarterly press releases containing the challenged statements, Tesla also explained that it "only count[s] a car as delivered if it is transferred to the customer and all paperwork is correct." ER-198. This is not fraud. *See Twinde v. Threshold Pharms. Inc.*, 2008 WL 2740457, at *7 (N.D. Cal. July 11, 2008) (rejecting argument that documents falsely stated that a study decisively evaluated safety of defendant's new drug because "[i]n the same paragraph" as the challenged statement, the company disclosed that "[t]he safety and efficacy of [the drug] for the treatment of symptomatic [disease] will need to be demonstrated in subsequent trials.").

Furthermore, Tesla's quarterly SEC filings specifically identified the accounting rule governing the recognition of revenues from its automotive sales, explaining that "[a] majority of our automotive sales revenue is recognized when control transfers upon delivery to customers." ECF No. 143, Ex. 1 at 39. Plaintiff failed to allege that Tesla misled investors, and the district court was well within its

discretion to rule that his supposedly new evidence did not remedy his failure to state a securities claim.

### B. The Supposed New Evidence Regarding Qazi's Agency Status Supported Dismissal

Plaintiff also fails (Br. 35-38) to identify any error in the district court's denial of Rule 60(b) relief based on Defendant Qazi's supposed status as an agent of Tesla. As a threshold matter, the purportedly new evidence—the Early Access Program ("EAP") contract and the EAP guidelines (ER-15-20)—was not new; these materials were presented previously to the district court (*see* ECF No. 141), and therefore were inappropriate for a Rule 60 motion.

In any event, this evidence *undermined* plaintiff's claims. Ostensible agency exists only when the alleged principal takes some action that causes third parties to reasonably and justifiably believe that another person is acting as his agent. *J.L. v. Children's Inst., Inc.*, 177 Cal. App. 4th 388, 403-04 (2009). Here, the EAP contract expressly *disclaims* the existence of an agency relationship: "You understand and agree that participation in the EAP is voluntary and does not create a legal partnership, agency, or employment relationship between you and Tesla." ER-16. Plaintiff points to no other provision—and there is none—in either the EAP or the EAP guidelines that suggests otherwise.

Nor do stray lines from a YouTube video taken out of context—which were part of the allegations underlying plaintiff's securities claim (*see, e.g.*, ER-176)—

provide any basis for Rule 60(b) relief. As the district court explained, an agency relationship "requires factual allegations which plausibly demonstrate that Musk or Tesla authorized Qazi or Smick to act on their behalf, or that they acted in a manner that might reasonably lead an observer to believe this were the case." ER-230. No reasonable observer would rely on these "facts" to mean Mr. Qazi or other EAP participants were legally authorized to speak for Tesla or Mr. Musk.

## C. The New Scienter Authority Was Irrelevant

Contrary to Plaintiff's argument (Br. 39-40), the district court properly concluded that a recent decision in *In Re Tesla Securities Litigation* provided no basis for Rule 60(b) relief. As the district court correctly observed, that case has nothing to do with this one. *See* ER-237 ("*In re Tesla* is also distinguishable on the facts. It involved statements and circumstances entirely different from those at issue here."). It dealt with Mr. Musk's statements in 2018 concerning taking Tesla private, which plaintiff acknowledged below were irrelevant here. ER-255 ("The Tesla Defendants have already been fined a combined $40 million for violations of securities laws alleged by the Securities and Exchange Commission *separate and apart from those raised here*.") (emphasis added). The district court was well within its discretion to deny reconsideration on this ground too.

## **CONCLUSION**

The judgment and the order denying relief under Rule 60(b) should be affirmed.

DATED: December 27, 2022

Respectfully submitted,

*/s/ William B. Adams*

Alex Spiro (*application forthcoming*)
William B. Adams
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Anthony P. Alden
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

*Attorneys for Defendants-Appellees Elon Musk and Tesla, Inc.*

## <u>STATEMENT OF RELATED CASES</u>

Pursuant to Circuit Rule 28-2.6, Defendants-Appellees state that they are not aware of any related cases pending in this Court.

Dated: December 27, 2022

/s/ William B. Adams
William B. Adams

*Attorney for Defendants-Appellees*
*Elon Musk and Tesla, Inc.*

35

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 7,978 words (based on the Microsoft Word word-count function) excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionately spaced typeface using Microsoft Word in Times New Roman, 14-point type.

Dated: December 27, 2022

*/s/ William B. Adams*
William B. Adams

*Attorney for Defendants-Appellees*
*Elon Musk and Tesla, Inc.*

## **CERTIFICATE OF SERVICE**

I, William B. Adams, a member of the Bar of this Court, hereby certify that on December 27, 2022, I electronically filed the foregoing "Answering Brief of Defendants-Appellees Elon Musk and Tesla, Inc." with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I also certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: December 27, 2022

*/s/ William B. Adams*
William B. Adams

*Attorney for Defendants-Appellees*
*Elon Musk and Tesla, Inc.*