# No. 22-16110

IN THE

# United States Court of Appeals

FOR THE NINTH CIRCUIT

▶▶◀◀

AARON GREENSPAN,

*Plaintiff-Appellant,*

v.

OMAR QAZI, SMICK ENTERPRISES, INC., ELON MUSK, TESLA, INC.,

*Defendants-Appellees.*

───────────────

*On Appeal From The United States District Court
For The Northern District Of California
Civil Case No. 3:20-cv-03426-JD; Hon. James Donato*

**DEFENDANTS-APPELLEES ELON MUSK AND TESLA, INC.'S OPPOSITION TO APPELLANT'S MOTION FOR JUDICIAL NOTICE OF CERTAIN DOCUMENTS (ECF NO. 48)**

Anthony P. Alden
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
(213) 443-3000

Alex Spiro
William B. Adams
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Defendants-Appellees Elon Musk and Tesla, Inc.*

October 19, 2023

After this appeal was fully briefed on April 20, 2023, Plaintiff-Appellant Aaron Greenspan has filed three motions for judicial notice, asking the Court to take notice of various documents that have no direct relationship to this appeal. *See* ECF Nos. 46, 47, 48. Defendants-Appellees Elon Musk and Tesla, Inc. opted not to respond to the prior facially deficient motions. *See* ECF Nos. 46, 47. Greenspan's latest motion likewise does not warrant a response, but Musk and Tesla nevertheless submit this short opposition because Greenspan's serial motion practice has not abated.

In his latest motion, Greenspan asks this Court to take judicial notice of: (1) a ruling on a motion to dismiss in the case styled, *Oklahoma Firefighters Pension & Retirement System v. Musk*, Case No. 22-cv-03026 (ALC) (S.D.N.Y. filed Oct. 12, 2023), Mot., Ex. A; (2) an application for an order compelling compliance with a subpoena filed by the U.S. Securities and Exchange Commission ("SEC") in the case styled, *SEC v. Musk*, Case No. No. 3:23-mc-80253 (N.D. Cal., filed Oct. 5, 2023), Mot. Ex. B; and (3) a CNBC article by Lara Kolodny entitled, "Tesla whistleblower filed a complaint to the SEC in 2021, but the agency never interviewed them. Here's what the complaint said," Mot., Ex. C. The Court should deny Greenspan's latest motion for judicial notice (along with the two prior motions) for the reasons set forth below.

1

*First*, the documents for which Greenspan seeks judicial notice are not directly related to Greenspan's appeal and are thus extra-record materials that the Court should not consider. Generally, this Court "will not consider facts outside the record developed before the district court." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see Sarkisyants v. State Farm Mut. Auto. Ins. Co.*, 256 F. App'x 52, 53 (9th Cir. 2007) (denying request for judicial notice of documents not presented to the district court). An exception to this rule is that the Court will "take judicial notice of proceedings in other courts … if those proceedings have a **direct relation** to matters at issue," such as when they "may be … dispositive" of the appeal. *Borneo*, 971 F.2d at 248 (emphasis added).

Here, none of the documents for which Greenspan seeks judicial notice are "directly related," *id.*, to his appeal. Greenspan fails to articulate how any of the documents relate to the issues on appeal. Rather, he asserts (Mot. 2) that the documents "demonstrate the persistent bad faith of, and violations of securities laws by, Defendants Musk and Tesla, Inc." and that "Defendant Musk has leveraged countless securities law violations, literally and figuratively, to become one of the wealthiest and most influential people on Earth." But those hyperbolic assertions are not relevant to the issues on appeal. Instead, they merely confirm that Greenspan is seeking to impugn the character of Musk and Tesla. The Court should deny judicial notice for this reason alone.

2

*Second*, even if the Court were to take judicial notice as to the ***existence*** of the proffered documents, the Court may not take notice of the ***facts*** asserted in those documents. That is because, although courts may take notice of "court filings and other matters of public record," courts "cannot take judicial notice of reasonably disputed facts in them." *Selane Prod., Inc. v. Cont'l Cas. Co.*, 2020 WL 7253378, at *3 (C.D. Cal. Nov. 24, 2020) (citing *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001)). That rule applies here given that Greenspan is seeking judicial notice of: (1) an order on a motion to dismiss, which "accept[ed] as true for purposes of th[e] motion the well-pled allegations of the Complaint," Mot., Ex. A at 3, (2) an application filed by the SEC, seeking to enforce a subpoena that it served on Musk, Mot. Ex. B, and (3) an article summarizing unsubstantiated allegations a whistleblower made against Tesla in a complaint that the whistleblower filed with the SEC, Mot., Ex. C. This Court may not properly take judicial notice of the unsubstantiated facts in these documents given that they are "subject to reasonable dispute." Fed. R. Evid. 201(b); *Selane Prod., Inc.*, 2020 WL 7253378, at *3.

For these reasons, the Court should deny Greenspan's latest motion for judicial notice (along with his two prior motions).

3

DATED: October 19, 2023

        Respectfully submitted,

        */s/ William B. Adams*
        William B. Adams
        QUINN EMANUEL URQUHART
          & SULLIVAN, LLP
        51 Madison Avenue, 22nd Floor
        New York, NY 10010
        (212) 849-7000

        *Attorneys for Defendants-Appellees Elon Musk and Tesla, Inc.*

5

## **CERTIFICATE OF SERVICE**

I, William B. Adams, a member of the Bar of this Court, hereby certify that on October 19, 2023, I electronically filed the foregoing "Defendants-Appellees Elon Musk and Tesla, Inc.'s Opposition to Appellant's Motion for Judicial Notice" with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I also certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

Dated: October 19, 2023

*/s/ William B. Adams*
William B. Adams

*Attorney for Defendants-Appellees Elon Musk and Tesla, Inc.*