**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON GREENSPAN, | No. 22-16110 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-03426-JD |
| v. | |
| OMAR QAZI; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted April 1, 2024**
San Francisco, California

Before: HURWITZ and JOHNSTONE, Circuit Judges, and MORRIS,*** District Judge.

Aaron Greenspan appeals the dismissal of his defamation action against

Elon Musk and Tesla, the denial of a Federal Rule of Civil Procedure 60(b)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Brian M. Morris, Chief Judge for the District of Montana, sitting by designation.

motion, and the denial of a motion to recuse the district judge. We review the district court's dismissal of a complaint for failure to state a claim de novo. *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007). We review for abuse of discretion a district court's denial of a Rule 60(b) motion, *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004), and its denial of a motion to recuse, *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010). We have jurisdiction under 28 U.S.C. § 1291. Because the parties are familiar with the facts and procedural history, we do not recite them here. We affirm.

    1. The automatic stay provision of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b)(3)(B), does not conflict with Federal Rule of Civil Procedure 26. Although "[a]ll laws in conflict with [rules of procedure] shall be of no further force or effect after such rules have taken effect," 28 U.S.C. § 2072(b), the PSLRA's automatic discovery stay provision and Rule 26 can be "read harmoniously." *See O'Neal v. Price*, 531 F.3d 1146, 1150 (9th Cir. 2008). The PSLRA merely implements an automatic stay of discovery that may be lifted at the district court's discretion, 15 U.S.C. § 78u-4(b)(3)(B), just as Rule 26 gives the court discretion over the timing of discovery, Fed. R. Civ. P. 26(a)(1)(C); *see also Kobold v. Good Samaritan Regl. Med. Ctr.*, 832 F.3d 1024, 1048 n.16 (9th Cir. 2016).

    2. The PSLRA and Rules 8 and 9 also do not conflict. Rule 8(a)(2) requires a

"short and plain statement" while the PSLRA requires certain specific allegations such as a description of why a statement is misleading, 15 U.S.C. § 78u-4(b)(1). However, Rule 8 is of a piece with Rule 9's particularity requirements, and the PSLRA's particularity requirements are "nearly identical to that under" Rule 9(b). *Rubke v. Capitol Bancorp Ltd.*, 551 F.3d 1156, 1165 (9th Cir. 2009). Thus a party can satisfy Rules 8, 9, and the PSLRA at the same time.

    3. The district court did not abuse its discretion in denying Greenspan's Rule 60(b) motion. The motion improperly attempts to relitigate the merits of the dismissal of his copyright claim. *See Casey*, 362 F.3d at 1261 (rejecting "a clear attempt to relitigate [an] issue central to the merits of this case" because "the merits of a case are not before the court on a Rule 60(b) motion"). Nor did the district court abuse its discretion in denying Greenspan's arguments based on newly discovered evidence because Greenspan failed to demonstrate that his evidence would have likely changed the outcome of the case had it been produced earlier. *See Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003). Finally, the district court did not abuse its discretion in denying Greenspan's Rule 60(b) arguments regarding evidence of an agency relationship because Greenspan did not prove he was prevented from "fully and fairly presenting [a] defense." *Casey*, 362 F.3d at 1260 (quoting *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)).

4. The district court did not abuse its discretion in denying Greenspan's motion to recuse because he did not demonstrate that the district court's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A motion for recusal can be decided by the judge who is asked to recuse. *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

5. The district court did not err in dismissing Greenspan's defamation claims because "a reasonable factfinder could [not] conclude that the contested statement[s] implie[d] an assertion of objective fact." *Lieberman v. Fieger*, 338 F.3d 1076, 1079 (9th Cir. 2003) (quoting *Partington v. Bugliosi*, 56 F.3d 1147, 1153 (9th Cir. 1995)).[1]

**AFFIRMED.**

---

[1] The motion to strike Omar Qazi's and Smick Enterprises, Inc.'s Answering Brief is denied as moot. The Motion to Strike and for Sanctions is denied. The motions for judicial notice are denied.